UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1642-KK-SHKx** | Date: | December 26, 2023 |
|---|---|---|---|
| Title: | ***Deon Gentry et al v. Quality Drive-Away, Inc.*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 26]

I.
**INTRODUCTION**

On June 22, 2023, Plaintiffs Deon Gentry and Deon Gentry, Jr. (collectively, "Plaintiffs") filed a Class Action Complaint ("Complaint") against Defendant Quality Drive-Away, Inc. ("Defendant") in the Superior Court of California, San Bernardino, alleging various California Labor Code violations. ECF Docket No. ("Dkt.") 1-2. On August 14, 2023, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. 1. On November 21, 2023, Plaintiffs filed a Motion to Remand to the Superior Court of California, San Bernardino. Dkt. 26. On November 30, 2023, Defendant filed an Opposition to the Motion to Remand. Dkt. 28. On December 7, 2023, Plaintiffs filed a Reply and a Request for Judicial Notice. Dkt. 31.

The Court finds this matter appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's Request for Judicial Notice as MOOT.

II.
**BACKGROUND**

Plaintiff Deon Gentry ("Plaintiff Gentry") was employed as a driver by Defendant from February 2021 through September 2021. Dkt. 1-2 ¶ 9. Plaintiff Deon Gentry, Jr. ("Plaintiff Gentry, Jr.") is a current employee of Defendant and has been working as a driver since 2019. Id. ¶ 10. Plaintiffs are citizens of California. Id. ¶ 3. Defendant is a citizen of Indiana – incorporated in and

operating under the laws of Indiana with its principal place of business in Goshen, Indiana.  Dkt. 1 at 2-3.

On June 22, 2023, Plaintiffs filed a class action Complaint against Defendant in the Superior Court of California, San Bernardino.  Dkt. 1-2.  Plaintiffs filed their case as an Unlimited Action, alleging the amount demanded exceeds $25,000.  Id. at 24.  The Complaint alleges the following claims: (1) failure to pay all minimum wages owed; (2) failure to provide accurate, itemized wage statements; (3) failure to reimburse necessary business expenditures; (4) unlawful deductions from wages; (5) failure to pay all wages upon termination of employment; and (6) unfair competition.  Id.  Plaintiffs allege the estimated class size is "greater than fifty (50) individuals."  Id. ¶ 19.

On August 14, 2023, Defendant filed a Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  Dkt. 1.  Defendant argues removal is proper because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.  Id.

On August 21, 2023, the Court issued an Order to Show Cause ("OSC") instructing Defendant to address "why this action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy."  Dkt. 8.  The Court found neither Plaintiff's Complaint nor Defendant's Notice of Removal "contain allegations which on their face plausibly establish that the amount in controversy exceeds $75,000."  Id at 1.

On August 21, 2023, Defendant filed an Answer to the Complaint.  Dkt. 9.

On September 6, 2023, Defendant filed a Response to the OSC.  Dkt. 12.  On September 20, 2023, Plaintiffs filed a Reply to Defendant's Response to the OSC.  Dkt. 14.  The OSC remains outstanding.

On November 21, 2023, Plaintiffs filed a Motion to Remand.  Dkt. 26.  Plaintiffs argue Defendant failed to establish diversity jurisdiction because Defendant cannot meet its burden to prove the amount in controversy exceeds $75,000 for each plaintiff.  Dkt. 26-1 at 9-19.

On November 30, 2023, Defendant filed an Opposition.  Dkt. 28.  Defendant argues (1) Plaintiffs' Motion to Remand is untimely, and (2) Defendant has met its burden to establish the

---

[1] On August 28, 2023, Plaintiffs initiated a second, separate action against Defendant in the Superior Court of California, San Bernardino by filing a Second Complaint ("Second Complaint") for civil penalties under the Private Attorneys General Act, based on the same facts as the June Complaint.  Dkt. 22-3.  On October 10, 2023, Plaintiffs served the Second Complaint on Defendant.  Dkt. 22-3 at 2.

On November 9, 2023, Defendant filed a second Notice of Removal ("Second Notice of Removal") under 28 U.S.C. §§ 1441 and 1446, in light of Plaintiffs' Second Complaint.  Dkt. 22.  A Notice of Deficiency was issued, dkt. 23, and the Second Notice of Removal was subsequently stricken by the Court.  Dkt. 24.   Hence, to the extent Defendant relies on any allegations from the Second Complaint in its Amount in Controversy calculation, the Court will not consider those allegations.

amount in controversy was over $75,000 for each plaintiff.  Id.  Defendant includes a Declaration by Defendant's corporate president Bill Martin in support of its response.  See dkt. 28-5.  Defendant claims the actual class size in this case is less than 25 individuals.  Dkt. 28 at 16.

On December 7, 2023, Plaintiffs filed a Reply and a Request for Judicial Notice addressing cases cited by Defendant in its Opposition.  Dkt. 31.  The matter thus stands submitted.

### III.
### APPLICABLE LAW

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

### IV.
### ANALYSIS

**A.     The Motion to Remand Is Timely**

**1.     Applicable Law**

Under 28 U.S.C. § 1447(c) ("Section 1447(c)"), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

**2.     Analysis**

Here, Plaintiffs move to remand because there is insufficient evidence to show the Amount in Controversy exceeds $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a).  Dkt. 26-1 at 9-19.  "If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met, . . . federal subject matter jurisdiction is lacking . . . [and] the district court should . . . remand to state court."  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004).  Hence, because the Motion to Remand is based on a defect related to subject matter jurisdiction, the 30-day deadline under Section 1447(c) does not apply.  Johnson v. Wal-Mart Assocs., Inc., No. 22-7425-MWF-MRWx, 2023 WL 2713988, at *3 (C.D. Cal. Mar. 30, 2023) (finding a motion to remand "is based on this Court's lacking subject-matter jurisdiction and a motion to remand on such a basis is always timely").  Accordingly, Plaintiffs' Motion to Remand is timely.

///

**B.      Defendant Has Failed to Meet Its Burden to Establish the Amount in Controversy**

    **1.      Applicable Law**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.'" Jauregui, 28 F.4th at 992. Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (internal quotations and citation omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018). When there are multiple plaintiffs with separate and distinct demands in a single suit, they cannot aggregate their claims to satisfy the amount in controversy requirement. Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013) ("The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement.) (citing Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40 (1911)). Rather, a defendant must establish *each* plaintiff has satisfied the $75,000 amount in controversy requirement. See id.

    **2.      Analysis**

Here, Defendant argues the Amount in Controversy in this case exceeds the required $75,000 for each of the two named Plaintiffs. Dkt. 28. However, even assuming the Defendant's high-end calculations, Defendant cannot meet the Amount in Controversy requirement for Plaintiff Gentry.

The Court first notes it is undisputed that Plaintiff Gentry worked for Defendant for only nine months. See dkt. 28 at 12; dkt. 31 at 12-13. Moreover, with respect to both the Waiting Time Penalties and Wage Statement Violations, Defendant assumes the highest amount recoverable, without providing any support for such assumptions. See dkt. 28 at 13 (arguing for Waiting Time Penalties *and* Wage Statement Violations "Plaintiffs plausibly place *up to* $10,000 in penalty") (emphasis added). Additionally, with respect to Damages and Attorneys' Fees, Defendant relies solely upon cases – namely Wazeer v. SOS Security, Inc., 2010 WL 5659028 (C.D. Cal. 2010) ("Wazeer") and Rowser v. Trunk Club, Inc., 2019 WL 12872964 (C.D. Cal. 2019) ("Rowser") –

which are distinguishable from the instant action. Dkt. 28 at 14. Both cases involve a substantially greater number of class members[2] and additional causes of action.[3] Dkt. 28-2 at 2-4, 15; dkt. 31 at 14 nn.2-3. Additionally, Rowser involved a claim for penalties under the Private Attorneys General Act, Cal. Lab. Code §§ 2699, et seq. Dkt. 28-2 at 4. Finally, Defendant claims $17,415.08 in attorneys' fees, which constitutes 41%[4] of what it claims damages to be. Dkt. 28 at 17. This estimate far exceeds what courts routinely find to be reasonable. Garcia v. Lifetime Brands, Inc., No. EDCV 15-1924-JLS-SPx, 2016 WL 81473, at *4 n.2 (C.D. Cal. Jan. 7, 2016) ("When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate."). Defendant's assumptions are, therefore, based on "mere speculation and conjecture," not reasonable assumptions.[5]

Nevertheless, even assuming Defendant's high-end calculations, the total Amount in Controversy for Plaintiff Gentry fails to exceed $75,000:

- $2,480 (Waiting Time Penalties)[6]
- $8,000 (Wage Statement Violations)[7]
- $60,000 (Damages and Attorneys' Fees)

Hence, Defendant cannot meet the required Amount in Controversy for Plaintiff Gentry and has, therefore, failed to establish diversity jurisdiction.[8] See Urbino, 726 F.3d at 1122.

///
///



[2] Defendant estimates a class size of 25 individuals. Dkt. 28 at 16. Plaintiffs contend the class sizes in Wazeer and Rowser are 1,695 and 3,324, respectively. Dkt. 31 at 14 nn.2-3.

[3] Both Wazeer and Rowser appear to have raised eight different causes of action. Dkt. 28-2 at 2-4, 15.

[4] Defendant claims "the amount placed in controversy for each Plaintiff in this case is $60,000 total recovery including $17,415.08 in attorneys' fees *per Plaintiff*. Dkt. 28-1 at 17 (emphasis in original); see also id. (explaining the $60,000 estimation included "an apportionment of damages and attorneys' fees"). Of the $60,000, $42,584.92 is Defendant's estimated amount of damages. $17,415.08 is 41% of $42,584.92. Once again, the Court finds these numbers to be unsupported and unreasonable.

[5] Defendant's attempt to include the $25,000 jurisdictional demand from Plaintiff's Complaint is misguided at best and misleading at worst. "The checked 'Unlimited' box on the cover sheet merely indicates that the '[a]mount demanded exceeds $25,000.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010). "Nothing in the cover sheet indicates that the amount demanded *by each putative class member* exceeds $25,000." Id. In addition, applying any portion of the $25,000 would essentially double count what a plaintiff would recover through statutory penalties, damages, or attorneys' fees.

[6] See dkt. 28 at 12.

[7] See id. at 13.

[8] The Court, therefore, declines to consider the proffered arguments for Plaintiff Gentry, Jr.

### C. Additional Time for Jurisdictional Discovery Is Not Warranted

Defendant requests, in the event the Court finds a defect in removal, the Court defer ruling on Plaintiffs' Motion to Remand to allow the parties the opportunity to conduct limited jurisdictional discovery. Dkt. 28 at 17. Limited discovery may be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (internal quotations and citation omitted). Where a Defendant has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies . . . , it is well within the court's discretion to remand to state court rather than ordering jurisdictional discovery." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 691 (9th Cir. 2006).

Here, there is no need for limited discovery. Defendant is in possession of the records regarding services performed by Plaintiffs. See dkt. 28-5. It had the opportunity to provide evidence to address the Amount in Controversy. See Abrego Abrego, 443 F.3d at 691. Further, even applying the unsupported and unreasonable high-end calculations proposed by Defendant for Plaintiff Gentry, Defendant has shown it cannot meet the Amount in Controversy requirement. Accordingly, Defendant's request for this Court to defer ruling on the Motion to Remand is denied.

## V. CONCLUSION

For the foregoing reasons, the Court finds Defendant has not met its burden to prove that removal in this case is proper. Accordingly, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Plaintiffs' Request for Judicial Notice as MOOT.

**IT IS SO ORDERED.**